## No. 830

### KOVACS, et v. MOLNAR

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8325. Decided October 26, 1927.

**First Publication of this Opinion**

Syllabus by Editorial Staff.

**1223. VACATION.—941. Practice and Procedure.**

1. In action, during term or after term, to vacate judgment after default, first thing to be heard is whether there is valid defense.

2. Cause cannot be heard, upon merits, in proceedings to vacate, but should be so heard in independent proceedings.

Error to Municipal Court.

Judgment reversed.

N. Papp and D. C. Hertz, Cleveland, for Kovacs.
J. F. Wilson, Cleveland, for Molnar.

FULL TEXT.

SULLIVAN, PJ.

This cause is here on error and it appears from the record that a judgment on a cognovit note had been obtained in the Municipal Court of the City of Cleveland, and at a subsequent term thereof a petition was filed for the vacation of the judgment, on the ground that there was a valid defense and that the judgment rendered was by default. The defense named in the petition to vacate were:

First: That the signatures to the note were forgeries.

Second: That, if said notes were signed by the parties charged therewith, they had no knowledge of the character of the instruments of writing.

Third: That there was no consideration.

Fourth: That there was no indebtedness whatsoever.

These defenses on their face were valid defenses and were sufficient in our opinion to warrant a vacation of the judgment, as it is not necessary to hear the merits of the case to determine whether the judgment should be rendered in favor of the defense. It appears from the record that there was some attempt made to hear the case upon its merits. The cause should not have been heard upon its merits in the same proceeding to vacate, but should be heard in an independent proceeding and after the passing of judgment upon the motion to vacate resulting in the vacation of the judgment. A jury trial could have been

demanded as both parties were entitled thereto.

This court has on various occasions at length passed upon the duty of the trial court, in cases where it is sought either during term and after term to vacate a judgment after default. The first thing to be heard is whether there is a valid defense. This may appear by the pleading itself, or it may appear by evidence, but in any event the main question to be decided is whether there is a valid defense. Some courts use the term prima facie.

In the case of The First National Bank of Montpelier v. Mullen, 7 O. N. P. N. S. 313, Judge Killits used the following language, which we approve as being applicable to the instant case:

(Here follows quotation from above cited case, omitted from this report).

It is our unanimous judgment that there was prejudicial error committed by the court below and therefore on that ground the judgment is reversed and the case is remanded for further proceedings according to law.

(Levine and Vickery, JJ., concur in judgment.)